Filed 7/30/26  In re M.R. CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION ONE

| | |
|---|---|
| In re M.R., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE, Plaintiff and Respondent, v. M.R., Defendant and Appellant. | A174435 (San Mateo County Super. Ct. No. 25-JW-0340) |

M.R. appeals from a juvenile court order declaring him a ward of the court and placing him on probation after he entered a plea to a felony count of sexual battery by restraint against a 12-year-old girl.  He challenges probation conditions (1) authorizing searches and preventing destruction of his electronic data (the electronic-data conditions), (2) restricting his association with minors under 14 years old (the association condition), and (3) prohibiting him from possessing "any materials or items that have a primary purpose of causing sexual arousal" (the sexual-materials condition).

We agree with M.R. that the electronic-data conditions are unreasonable under *People v. Lent* (1975) 15 Cal.3d 481 (*Lent*).  We therefore strike them and remand for the juvenile court to consider whether to impose

revised conditions. We also agree with the parties that the association condition should be modified to include a knowledge requirement, but we reject M.R.'s contention that the condition is overbroad. Finally, we conclude that the court did not abuse its discretion by imposing the sexual-materials condition.

I.
FACTUAL AND PROCEDURAL
BACKGROUND

In August 2025, then 16-year-old M.R. was visiting the home of his uncle and his uncle's girlfriend.[1] The girlfriend's 12-year-old daughter from a previous relationship also lived there. The girl, referred to in the record as "CV" (confidential victim), reported to police later that day that M.R. sexually assaulted her. She stated that M.R. approached her in the kitchen, grabbed her waist and pulled her to him, grabbed her buttocks under her underwear, and began to kiss her. When CV tried to push M.R. away, he "continued to grope her butt as he told her, 'This could be our little secret.' "

M.R. eventually walked away, and CV called her grandmother to pick her up. While she waited to be picked up, CV went to her bedroom to change, and M.R. followed her. CV reported that she attempted to close the bedroom door before M.R. could come inside, but he blocked her from doing so. He then approached her, grabbed her hips, and again "reached into her pants and cupped her buttocks." CV asked M.R. whether her grandmother was there and said she "was expecting her to arrive at any moment," and M.R. then left the bedroom.

Two days after the incident, the San Mateo County District Attorney filed a petition under Welfare and Institutions Code section 602 seeking to

---

[1] The underlying facts are drawn primarily from the probation report.

2

have M.R. declared a ward of the court. The petition alleged four felony counts: forcible lewd acts upon a child under 14 years old, sexual battery by restraint, and two counts of assault with the intent to commit a sex offense against a victim under 18 years old.[2] Under a plea agreement, M.R. pled no contest to sexual battery by restraint, and the remaining counts were dismissed.

At the September 2025 dispositional hearing, the juvenile court declared M.R. a ward of the court and placed him on probation. He was subject to various conditions, including that he not have contact with CV and complete a therapeutic program for youth who have committed sex offenses. We discuss the conditions M.R. challenges in more detail below.

## II.
### DISCUSSION

#### A. *General Legal Standards*

When a ward of the juvenile court is placed on probation, the court "may make any and all reasonable orders for the conduct of the ward, including conditions of probation" that (1) "are individually tailored, developmentally appropriate, and reasonable"; (2) impose a "burden . . . [that is] proportional to the legitimate interests served by the conditions"; and (3) "are determined by the court to be fitting and proper to the end that justice may be done and the reformation and rehabilitation of the ward enhanced." (Welf. & Inst. Code, § 730, subd. (b).) " 'A condition of probation which is impermissible for an adult criminal defendant is not necessarily unreasonable for a juvenile receiving guidance and supervision from the juvenile court.' " (*In re Ricardo P.* (2019) 7 Cal.5th 1113, 1118 (*Ricardo P.*).)

---

[2] The charges were brought under Penal Code sections 288, subdivision (b)(1) (lewd acts), 243.4, subdivision (a) (sexual battery), and 220, subdivision (a)(2) (assault with intent to commit sex offense).

3

We review conditions of probation for an abuse of discretion, which occurs only if " 'the condition is "arbitrary or capricious" or otherwise exceeds the bounds of reason under the circumstances.' " (*Ricardo P.*, *supra*, 7 Cal.5th at p. 1118.)  To determine whether a probation condition is reasonable, we apply a three-part test under *Lent*, *supra*, 15 Cal.3d 481. (*Ricardo P.*, at pp. 1118–1119.)  A condition cannot be held invalid under *Lent* unless it meets all three of the following prongs:  it " ' "(1) has no relationship to the crime of which the offender was convicted, (2) relates to conduct which is not itself criminal, and (3) requires or forbids conduct which is not related to future criminality." ' " (*Ricardo P.*, at p. 1118, quoting *Lent*, at p. 486.)

In addition to being reasonable, "[a] probation condition 'must be sufficiently precise for the probationer to know what is required . . . , and for the court to determine whether the condition has been violated,' " or else it is void for vagueness.  (*In re Sheena K.* (2007) 40 Cal.4th 875, 890.)  And when a probation condition imposes limitations on a probationer's constitutional rights, it "must closely tailor those limitations to the purpose of the condition"—the person's reformation and rehabilitation—"to avoid being invalidated as unconstitutionally overbroad." (*Ibid.*)  " '[W]hether a term of probation is unconstitutionally vague or overbroad presents a question of law, which we review de novo.' " (*In re David C.* (2020) 47 Cal.App.5th 657, 661 (*David C.*).)

B.      *The Electronic-data Conditions Do Not Pass Muster Under* Lent.

M.R. first challenges the electronic-data conditions as unreasonable and unconstitutionally overbroad.  We conclude that the conditions are invalid under *Lent* and therefore do not reach the constitutional claim.  (See *In re Amber K.* (2020) 45 Cal.App.5th 559, 564 (*Amber K.*).)

4

### 1. Additional facts

The juvenile court imposed the following four probation conditions involving M.R.'s electronic data and devices:

> "Any electronic data storage and/or communication devices, including cellular phones, laptops, iPads, computers, and game consoles under the Minor's control and/or [to] which the Minor has shared, partial or limited access, is subject to a full and complete search, by any Probation Officer, in any manner required to guarantee full disclosure by any Probation Officer, during the day or night, with or without [the Minor's] consent, with or without a search warrant, and without regard to probable and reasonable cause.

> "The Minor shall provide encryption keys or passwords to the Probation Officer for any computer or electronic data storage devices, including all Social Networking Site accounts in his possession, custody or control and to which [the Minor] has sole, shared, partial, or limited access.

> "The Minor shall not possess or utilize any program or application, on any electronic data storage device, that automatically or through a remote command deletes data from that device.

> "The Minor shall not contact his service provider to remove or destroy data from the electronic device(s) if said electronic device(s) is/are seized as evidence."

Citing *Ricardo P.* and *David C.*, M.R.'s trial counsel objected to these conditions at the dispositional hearing. She argued that the charges against M.R. arose from "an in-person interaction" and "did not involve electronics." The prosecutor argued that there *was* "an electronic communication component to the case," in that during the charged incident, M.R. "asked for the victim's phone a number of times, and she asked him why. And he said, I want to give you my phone number so that we can communicate. And then he had her put his phone number into her phone, and she later deleted it."

But there is that component of him at least communicating to her an intent to keep in touch with her, communicate with her via telephone, so I think it is also in support of the no-contact order." M.R.'s counsel responded that the conditions still were not reasonably related to M.R.'s conduct or rehabilitation because he never used electronics to communicate with CV.

Implicitly accepting the prosecutor's representations about M.R.'s desire to communicate with CV in the future, which the record did not independently support, the juvenile court observed, "While the incident was largely in person, there [are] some attempts to use and discussion about using electronics to maintain contact with that individual, who was under 14." The court found that the electronic-data conditions were warranted to prevent future criminality, both "to make sure that the no-contact order with [CV was] being followed" and to enforce the condition prohibiting M.R. from "owning or possessing materials that essentially would be pornography . . . , and a lot of those are electronics."

2.      Discussion

As we have said, a probation condition is reasonable unless it meets all three prongs for invalidation under *Lent*. It is undisputed that the electronic-data conditions relate to conduct that is not itself criminal, satisfying *Lent*'s second prong. (See *Amber K.*, *supra*, 45 Cal.App.5th at p. 566 ["use of electronic devices is obviously not in itself unlawful"].) Thus, we will address the first and third prongs only.

*Lent*'s first prong requires that a probation condition have " 'no relationship' " to the probationer's offense. (*Lent*, *supra*, 15 Cal.3d at p. 486.) M.R. maintains that there is no evidence suggesting he "used electronic data storage devices or communication devices to commit the instant offense." The Attorney General responds that the electronic-data conditions are "directly

6

related" to M.R.'s offense because, in the juvenile court's words, M.R. tried "to use . . . electronics to maintain contact with [CV]."

Initially, M.R. argues that the juvenile court erred by relying on the prosecutor's representations about his attempt to maintain contact with CV because there was no evidence to support those representations. We need not resolve this issue, because even if the statements were properly considered, they do not establish the requisite relationship between the challenged probation conditions and M.R.'s offense.

Generally, decisions finding a sufficient connection between electronics search conditions and an offense rely on the probationer's use of electronic devices to facilitate the offense. This is true of both decisions on which the Attorney General relies. In *People v. Appleton* (2016) 245 Cal.App.4th 717, the defendant met the minor victim online and later sexually assaulted him. (*Id.* at pp. 719–720.) The Sixth District Court of Appeal held "that the nexus between the offense and the probation condition" at issue was sufficient even though it was "somewhat attenuated." (*Id.* at p. 724.) And in *People v. Flores* (2026) 118 Cal.App.5th 563, Division Two of this Court held that there was a "reasonable relationship" between the condition at issue and the defendant's drug offense because the defendant used a website and an online program to arrange drug sales through a disguised phone number. (*Id.* at pp. 565–566, 573.)

Here, in contrast, there is no evidence that electronic devices played any role in facilitating the offense. We recognize that in *People v. Salvador* (2022) 83 Cal.App.5th 57, a decision the parties do not cite, the Sixth District concluded there was a sufficient nexus between the defendant's sex offenses and electronics search conditions because there was evidence the defendant communicated with the minor victims through social media, even though

7

"[t]he record [did] not include any facts about the content or timing of those communications." (*Id.* at p. 63.) But even if post-offense electronic contact with a victim can establish the requisite relationship, there is no indication that M.R. ever actually contacted CV through an electronic device. Indeed, he did not even have the ability to do so, as he never obtained her contact information. Nor is there any evidence that M.R. attempted to communicate with CV after the offense. Thus, the Attorney General's statement that M.R. tried to maintain contact with CV "despite there being a no-contact order" is simply inaccurate.

Having determined that *Lent*'s first two prongs for invalidating a probation condition are met, we turn to the third prong, regulation of conduct that is not related to future criminality. The third prong "contemplates a degree of proportionality between the burden imposed by a probation condition and the legitimate interests served by the condition." (*Ricardo P.*, *supra*, 7 Cal.5th at p. 1122.) Thus, the mere fact that "monitoring a probationer's electronic devices and social media might deter or prevent future criminal conduct" is insufficient to justify a broad electronics search condition. (*Id.* at p. 1123.)

The juvenile court justified the electronic-data conditions on the basis that they would ensure M.R.'s compliance with two of his other probation terms, the no-contact order and the sexual-materials condition. These are legitimate purposes, but the problem is that the electronic-data conditions " 'burden[] [M.R.'s] privacy in a manner substantially disproportionate' " to those purposes. (*Amber K.*, *supra*, 45 Cal.App.5th at p. 567.) Similar to the conditions held invalid in *Ricardo P.*, *Amber K.*, and *David C.*, the conditions here are essentially unlimited with regard to the electronic devices and data they cover. As such, they impose a heavy burden on M.R.'s privacy. (See

8

*Ricardo P.*, *supra*, 7 Cal.5th at pp. 1117, 1123; *David C.*, *supra*, 47 Cal.App.5th at p. 664; *Amber K.*, at pp. 564, 567.) But there has been no attempt to restrict them in light of their stated purposes. Thus, we conclude that they are not " ' "*reasonably* related to future criminality" ' " under *Lent*'s third prong. (*Ricardo P.*, at p. 1124; *David C.*, at pp. 664–665; *Amber K.*, at p. 567.)

In short, the electronic-data conditions here violate *Lent* because they do not relate to M.R.'s offense, do not regulate conduct that is itself criminal, and are not reasonably related to future criminality. As a result, we strike the conditions and remand for the juvenile court to consider whether to impose revised conditions that are reasonably related to legitimate interests in supervising M.R.[3] (See *David C.*, *supra*, 47 Cal.App.5th at p. 665 & fn. 4; *Amber K.*, *supra*, 45 Cal.App.5th at pp. 567–568.)

### B. The Association Condition Is Valid Once It Is Modified to Include a Knowledge Requirement.

M.R. contends that the association condition is unconstitutionally overbroad and vague. We conclude that the condition is not overbroad, but we accept the Attorney General's concession that it must be modified to include an express knowledge requirement.

### 1. Additional facts

The probation report recommended that the following probation condition be imposed: "The Minor shall not associate with minors under the

---

[3] M.R.'s claim primarily involves the conditions authorizing searches of electronic devices and requiring passwords. M.R. does not suggest that the other two conditions, which prohibit deleting data, are independently objectionable. Thus, although we accept the parties' apparent assumption that the latter two conditions cannot stand if the first two are stricken, we express no opinion on whether the latter two also require revision before being reimposed on remand.

9

age of 14, unless it is his own child,[4] nor frequent places where minors congregate, unless in the presence of a responsible adult, approved by the Probation Department."  M.R.'s trial counsel objected that the proposed condition was "overbroad and vague," as it could "encompass any school activity, you know, going to a skate park. . . .  It would sort of keep [M.R.] detained in his home."  Counsel affirmed, however, that M.R. had no objection to the order prohibiting contact with CV.

The prosecutor responded that since M.R. was a junior in high school, it was not clear why he would need to have "associations with people under the age of 14."  The prosecutor did agree that "[t]he second part of that condition . . . might be problematic" because it referred to minors generally, not those under 14, and asked the court to strike that part while "leav[ing] in place 'under the age of 14 unless in the presence of a responsible adult or approved by the probation department.' "

The juvenile court agreed that the probation condition was "overbroad" and "problematic."  Accordingly, the court ordered it modified to read as follows:  "The Minor shall not associate with minors under the age of 14, unless it is his own child, unless in the presence of a responsible adult, or associated person is approved by the Probation Department."[5]

2.     Discussion

"A probation condition ' "is unconstitutionally overbroad . . . if it (1) 'impinge[s] on constitutional rights,' and (2) is not 'tailored carefully and

---

[4] At the time of the offense and proceedings below, M.R. was in a committed relationship with his longtime girlfriend, who was pregnant with their first child and due to give birth in late October 2025.

[5] This written version differs slightly from the juvenile court's oral pronouncement, but we agree with M.R. that the differences "are slight and have little impact on the condition's meaning."

reasonably related to the compelling state interest in reformation and rehabilitation.' " ' " (*People v. Gonsalves* (2021) 66 Cal.App.5th 1, 8–9; *People v. Bray* (2025) 112 Cal.App.5th 494, 503 (*Bray*).) " ' "The essential question in an overbreadth challenge is the closeness of the fit between the legitimate purpose of the restriction and the burden it imposes on the [probationer's] constitutional rights—bearing in mind, of course, that perfection in such matters is impossible, and that practical necessity will justify some infringement." ' " (*Gonsalves*, at pp. 8–9.)

M.R. claims that despite the juvenile court's modification, the challenged condition is not narrowly tailored to avoid unduly restricting his constitutional right to freedom of association. (See *Bray*, *supra*, 112 Cal.App.5th at p. 501.) According to him, the condition's only "legitimate purpose" is to prevent him from associating with CV, as there is no evidence that he "committed other sexual misconduct . . . or that he has a predilection toward minors." Thus, he claims the condition should have been "carefully tailored to bar contact with [her]" only.

We reject this argument. M.R. committed a sexual offense against a 12-year-old girl, and the juvenile court could have reasonably determined that restricting him from more than incidental contact with younger children was warranted to protect public safety. " '[T]he state has a compelling interest in the protection of children,' " and several decisions have upheld probation conditions restricting those convicted of crimes against children from associating with children. (*People v. Urke* (2011) 197 Cal.App.4th 766, 774–775 [collecting cases].) M.R. cites no authority suggesting that imposing such a condition requires evidence of a probationer's danger to children beyond that supporting the offense itself.

11

M.R. also claims that the association condition unduly restricts him from activities he might otherwise legitimately participate in, including school projects, "informal peer social activities without adult chaperones," and parenting classes or gatherings. The condition might hamper his ability to participate in such activities, but it provides significant flexibility by authorizing them so long as he first arranges for supervision or approval. (See *Bray*, *supra*, 112 Cal.App.5th at pp. 499, 501–503 [overbroad condition indirectly restricting association with minors could be narrowly tailored by requiring presence of approved "responsible adult"].) Thus, although we agree with M.R. that he "may need to appropriately associate" with children under 14 years old in various contexts, the condition does not bar him from doing so. It is sufficiently tailored to its public-safety purpose to withstand his overbreadth challenge.

We agree with the parties that it is, however, appropriate to modify the association condition to require M.R.'s express knowledge that a minor is under 14 years old. Generally speaking, if a probation condition prohibits a probationer from associating with a certain group of people, the condition is unconstitutionally vague unless it also requires that the probationer *know* a given person is in that group. (*In re Sheena K.*, *supra*, 40 Cal.4th at pp. 890–891.) Here, M.R. "may reasonably not know" whether a given person is under 14 years old, warranting an express knowledge requirement. (*People v. Turner* (2007) 155 Cal.App.4th 1432, 1436 [modifying condition prohibiting association with people under age 18].) Thus, we modify the association condition to read: "The Minor shall not associate with minors whom he knows or reasonably should know are under the age of 14, unless it is his own child, unless he is in the presence of a responsible adult, or unless the associated person is approved by the Probation Department." (See *ibid.*)

*C.    The Juvenile Court Did Not Abuse Its Discretion by Imposing the
Sexual-materials Condition Because It Relates to M.R.'s Offense.*

Finally, M.R. claims the sexual-materials condition is unreasonable to the extent it encompasses more than "pornography." We conclude that the condition must be upheld because it has some relationship to M.R.'s offense and therefore fails to meet *Lent*'s first prong.

1.    Additional facts

The juvenile court imposed the following condition: "The minor shall not own, use, or possess any materials or items that have a primary purpose of causing sexual arousal, including computer based movies, videos, magazines, books, games, sexual aids or devices, nor shall he knowingly visit any establishment where such materials or items are the primary commodity for sale." M.R.'s trial counsel objected that to the extent the condition reached "adult pornography" instead of child pornography, it regulated conduct that was "not a crime" and not "reasonably related to these charges." The prosecutor responded that due to his age M.R. was barred from purchasing *any* pornography, and "abstention from viewing pornography" was reasonably related to the goals of his juvenile sex-offender program.

The juvenile court did not address the defense objection before imposing the sexual-materials condition. But as mentioned above, in discussing the electronic-data conditions the court characterized the sexual-materials condition as prohibiting "owning or possessing materials that essentially would be pornography for the purpose of causing sexual arousal, and a lot of those are electronics."

2.    Discussion

M.R. does not challenge the sexual-materials condition to the extent that it prohibits him from (1) "owning, using or possessing child pornography and adult pornography" and (2) "knowingly visiting establishments where . . .

pornography [is] the primary commodity for sale." He accepts that these activities do not satisfy *Lent*'s second prong because they relate to conduct in which it is otherwise illegal for him to engage.

As M.R. correctly observes, the sexual-materials condition is worded to avoid using the term "pornography," which has been held unconstitutionally vague. (*David C.*, *supra*, 47 Cal.App.5th at p. 667 [collecting cases]; e.g., *In re D.H.* (2016) 4 Cal.App.5th 722, 727.) In *David C.*, our colleagues in Division Three of this Court held that "primary purpose of causing sexual arousal"— the phrase used in the condition here—is a "sufficiently clear" alternative "that will in almost all cases allow [a] minor to readily determine whether materials are prohibited." (*David C.*, at p. 667.) Thus, the condition here includes materials commonly referred to as "pornography," and we assume it is valid to the extent it does so.

We agree with M.R. that the sexual-materials condition could be reasonably interpreted to encompass additional materials, such as "photos of models wearing bikinis" or "over-the-counter sexual lubricant." He claims that as so interpreted, the condition satisfies *Lent*'s first prong for invalidation, because "the record does not show that [he] used sexual materials in connection with [the] instant offense," sexual battery. But one of the offense's elements is that the touching "is for the purpose of sexual arousal, sexual gratification, or sexual abuse." (Pen. Code, § 243.4, subd. (a).) Since M.R. committed the offense for a sexual purpose, we cannot say that a restriction on items primarily designed to cause sexual arousal has no relationship to the offense. As a result, *Lent*'s first prong is not satisfied, and the juvenile court did not abuse its discretion by imposing the challenged condition.

We note that M.R. does not claim that the sexual-materials condition is unconstitutionally overbroad. We might question whether it is proper to prohibit a teenager—even one who has committed a sex offense—from possessing or using conventional items (such as lubricant) that can be part of healthy sexual development and behavior. And we might particularly question whether such a prohibition is proper for a teenager who is in a committed relationship. But because the condition's possible overbreadth has not been briefed, we have no occasion here to address whether the condition could be tailored more appropriately to M.R.'s rehabilitative needs.

## III.
### DISPOSITION

The association condition is modified to read: "The Minor shall not associate with minors whom he knows or reasonably should know are under the age of 14, unless it is his own child, unless he is in the presence of a responsible adult, or unless the associated person is approved by the Probation Department." The electronic-data conditions are stricken, and the matter is remanded for the juvenile court to consider whether to impose revised conditions consistent with this opinion. The judgment is otherwise affirmed.

15

_____

Humes, P. J.


WE CONCUR:



_____

Banke, J.



_____

Langhorne Wilson, J.



_In re M.R._  A174435

16